## TIFT v. CITY OF BUFFALO *et al.*, appellants.

*Tax payer — when he cannot restrain action of public authorities.*

In an action by plaintiff to restrain the sale by the city authorities of Buffalo, of a public square, it was shown that plaintiff was a tax payer, and owned land on streets leading into the square, but it did not appear that he owned land fronting on the square, or had any private interest more than the citizens of the city generally.

*Held,* that he had no standing in a court of equity entitling him to maintain the action.

APPEAL from order of the superior court of Buffalo, continuing an injunction in a cause commenced in that court, and duly transferred to this court. The facts appear in the opinion.

*John Ganson,* for appellants.

*Wm. H. Green,* for respondents.

E. D. SMITH, J. This action was commenced to restrain the common council of the city from selling to the defendants the Union Hotel Company, the park or square known in said city as Court House square, or described in the complaint as the "piece or parcel of land known or designated as the Court House square or park, situate between Main and Washington streets on the east and west, and between Lafayette and Clinton streets on the north and south." The complaint does not state that the plaintiff owns any land fronting on said park on either Main, Washington, Clinton or Lafayette

streets. He is a resident, citizen and tax payer in said city and owns land therein fronting on both Main and Washington streets in the vicinity of said park, but has no private interest therein more than the citizens generally of said city of Buffalo. In the case of *Roosevelt* v. *Draper*, 23 N. Y. 323, Judge DENIO, in giving the opinion of the court of appeals in that case, said : " We have decided, upon full consideration, that it requires some individual interest distinct from that which belongs to every inhabitant of the town or county to give the party complaining a standing in court, where it is an alleged delinquency in the administration of public affairs which is called in question," and cites *Doolittle* v. *The Supervisors of Broome County*, 18 N. Y. 155. The question whether a tax payer at large of a municipality having no private interest in the question more than other tax payers, can maintain an action in equity as against the public authorities to set aside or prevent illegal acts, has recently been carefully considered by this court, and the views of the cited case followed and asserted in the case of *Ayres* v. *Lawrence*, 63 Barb. 458. In accordance with these views, we think the plaintiff has no standing in a court of equity entitling him to maintain this action, and that the injunction granted in the case was erroneously granted and continued, and that the order continuing the same should be reversed, etc., and it is so ordered with costs of the appeal.